RECEIVED

JAN 1 4 2014

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| MT. HAWLEY INSURANCE CO. | CIVIL ACTION NO. 12-890 |
| VERSUS | JUDGE DOHERTY |
| ADVANCE PRODUCTS & SYSTEMS, INC. | MAGISTRATE JUDGE HANNA |

### MEMORANDUM RULING

Pending before the Court is plaintiff Mt. Hawley Insurance Co.'s motion for entry of final judgment. [Doc. 32] The motion is unopposed. [Doc. 39, 40] By way of its motion, plaintiff moves the Court "to certify its September 24, 2013 Memorandum Ruling and Order [Docs. 25, 26] as final and appealable pursuant to Fed. R. Civ. P. 54(b)."[1] [Doc. 32-1, p.1] The Court finds plaintiff's request for certification under Rule 54(b) should be GRANTED as to that portion of the Court's September 24, 2013 Memorandum Ruling and Order which denied plaintiff's motion for summary judgment.

Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

---

[1] The referenced Ruling and Order addressed cross-motions for summary judgment, whereby the parties sought a determination of how to calculate the coinsurance penalty provision of the commercial property insurance policy issued by plaintiff to defendant. [Docs. 25, 26] The Court granted defendant's motion, which sought a judgment "holding that the coinsurance penalty formula in Mt. Hawley's insurance policy form requires the use of actual income and expenses to determine the amount it must pay APS for its business income losses"; the Court denied plaintiff's motion, which sought a judgment finding defendant was "entitled to no additional monies under its Business Income (And Extra Expense) Coverage," arguing projected income was properly used to determine the coinsurance penalty. [Doc. 25, pp.1, 2 (internal quotation marks omitted)]

Fed. R. Civ. P. 54(b).  The pending action presents more than one claim for relief - namely, plaintiff's claim for declaratory relief, and defendant's counterclaim for declaratory relief, as well as damages. [Doc. 1; Doc. 5, ¶¶ 25, 37, p.9]

For certification to be proper, "[a] district court must first determine that it is dealing with a 'final judgment.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S.1, 7 (1980).  To satisfy this requirement, the ruling at issue must be "a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)).  Next, the court must "determine whether there is any just reason for delay." *Id.* at 8.  In making this determination, the court must "take into account judicial administrative interests as well as the equities involved." *Curtiss-Wright* at 8.  This analysis properly includes consideration of whether the claim or claims under review are "separable from the others remaining to be adjudicated," and whether the nature of the claims already determined is "such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.*  Even if one of these factors is present, certification under Rule 54(b) may still be proper if there is "a sufficiently important reason for nonetheless granting certification." *Id.* at 8, n.2.

The Court finds the requirement of finality is met in this matter with respect to the claim asserted by plaintiff.  The only relief sought by plaintiff in this matter was a declaration that: (1) the coinsurance provision of the insurance policy at issue requires the use of projected net income for the twelve months following the inception of the policy; (2) plaintiff properly calculated the coinsurance penalty in this matter, and thus defendant is entitled to no additional compensation under the business interruption coverage; and (3) plaintiff has met all of its contractual obligations under the policy. [Doc. 1, p.7] The Ruling at issue disposed of the foregoing, in that the Court determined

the coinsurance provision requires the use of actual net income rather than projected net income; the consequences resulting from that finding are that plaintiff has not properly calculated the coinsurance penalty in this matter, defendant would be entitled to additional compensation, and therefore, plaintiff has not met all of its contractual obligations under the policy. Accordingly, this Court's Ruling as to plaintiff's declaratory judgment claim is "final," because there are no issues left to be determined with respect to that claim. *See e.g. St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 337-38 (5th Cir. 1997); *Jackson v. O'Shields*, 101 F.3d 1083, 184-85 & n.2 (5th Cir. 1996).

The Court additionally finds there is no just reason for delay in this matter. While the Court must ultimately still determine the remaining amount owed defendant, resolution of that issue will not require this Court, or the Court of Appeals, to revisit the issues presented in plaintiff's action for declaratory judgment. Furthermore, to delay entry of final judgment could result in the inefficient use of judicial resources. Should the appellate court determine this Court's Ruling was erroneous (and admittedly, it was a close question), the time, effort and expenditure of judicial resources - as well as the resources of the litigants - in determining any remaining amounts owed under the policy will have been without purpose. Thus, to allow appellate determination of this question of contractual interpretation is "patently in the interests of sound judicial administration." *Skinner v W. T. Grant Co.*, 642 F.2d 981, 984 (5th Cir. 1981). Furthermore, entry of final judgment on this aspect of the dispute may well facilitate the parties' efforts to achieve an amicable resolution of the issues not yet decided by this Court.

Accordingly, for the reasons provided herein, the Court finds there is no just reason for delaying entry of final judgment as to that portion of the Court's September 24, 2013 Memorandum Ruling and Order [Docs. 25, 26] denying plaintiff's motion for summary judgment, based on the Court's finding the coinsurance provision of the insurance policy issued by plaintiff requires the use

of actual net income rather than projected net income.

THUS DONE AND SIGNED in Lafayette, Louisiana, this _____14_____ day of January, 2014.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE